# IN THE CIRCUIT COURT OF THE EIGHTH JUDICIAL CIRCUIT IN AND FOR ALACHUA COUNTY, FLORIDA CIVIL DIVISION

**DR. NAJME EBRAHIMI,**

     **Plaintiff,**

**v.**                                       **CASE NO:**

**UNIVERSITY OF FLORIDA,**
**a public university of the State of Florida,**

     **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DR. NAJME EBRAHIMI, (hereinafter "Plaintiff" or "Dr. Ebrahimi"), by and through the undersigned counsel, hereby sues Defendant, UNIVERSITY OF FLORIDA (hereinafter "Defendant," or "UF") and alleges:

## INTRODUCTION

1.     The Plaintiff brings this action against Defendant, her former employer, seeking to recover damages for unlawful discrimination based on race, national origin, and gender, as well as retaliation in violation of her rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.

§ 2000e et seq. ("Title VII") and its implementing Regulations; and 42 U.S. Code § 1981 - Equal rights under the law.

2.      As further set forth below, Plaintiff alleges that Defendant unlawfully discriminated against her based on her Iranian/Middle Eastern origin, race, and gender, altered the terms, conditions, and privileges of her employment, and retaliated against her in violation of her rights under Title VII and 42 U.S. Code § 1981. The discriminatory and retaliatory actions included, but were not limited to, the termination of her courtesy appointment, cancellation of research funding, removal from PhD student committees, denial of access to research materials, false accusations, and threatening communications to her current employer.

3.      As a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered actual damages including, but not limited to, loss of approximately $1 million in research funding, loss of summer salary, loss of opportunity for future income, loss of benefits, and loss of future pay increases. In addition, she has suffered and continues to suffer severe damage to her professional and personal reputation, emotional distress, mental anguish, humiliation, and physical health complications.

4.      Plaintiff has incurred costs and attorney's fees in bringing this

matter.

## JURISDICTION AND VENUE

5.     This is an action for damages exceeding fifty thousand dollars ($50,000.00).

6.     Venue is proper in Alachua County, Florida pursuant to § 47.011, Florida Statutes, as the Defendant's principal place of business is in Alachua County, Florida, and the acts and omissions giving rise to Plaintiff's claims occurred within Alachua County, Florida.

## PARTIES

7.     Plaintiff is a 37-year-old female of Iranian/Middle Eastern origin.

8.     Plaintiff is a member of classes protected against discrimination and retaliation based on her race, national origin, and gender under Title VII and 42 U.S. Code § 1981.

9.     During the period from January 2021 until August 23, 2023, Defendant employed Plaintiff as an Assistant Professor in the Department of Electrical & Computer Engineering, and subsequently as a Courtesy Assistant Professor from September 1, 2023, until February 12, 2024.

10.    At all times material herein, Plaintiff met the definitions of

"employee" and "eligible employee" under all applicable federal and state statutes.

11.    At all times material herein, Plaintiff was an employee entitled to protection as defined by Title VII and 42 U.S. Code § 1981.

12.    The Defendant, UNIVERSITY OF FLORIDA BOARD OF TRUSTEES, is principally located at PO BOX 113125, Gainesville, FL 32611.

13.    At all times material herein, Defendant regularly conducts, and continues to conduct, business throughout Alachua County, Florida.

14.    At all times material herein, Defendant employed more than 501 employees and met, and continues to meet, the definition of "employer" under all applicable federal and state statutes including, but not limited to, Title VII and 42 U.S. Code § 1981.

15.    Accordingly, Defendant is liable under Title VII and 42 U.S. Code § 1981 for the unlawful discrimination and retaliation to which it subjected Plaintiff.

## ADMINISTRATIVE PREREQUISITES

16.    Plaintiff has properly exhausted all administrative prerequisites prior to filing the instant lawsuit.

17.    On December 17, 2024, Plaintiff timely dual filed a Charge of

Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") against Defendant alleging, among other things, discrimination based on her race, national origin, gender, and retaliation (EEOC Charge No. 510-2024-09860).

18.    On December 30, 2024, the EEOC issued Plaintiff a Notice of Right to Sue in reference to her Charge of Discrimination against Defendant.

19.    All conditions precedent to bringing this action have been performed or have occurred.

## GENERAL ALLEGATIONS

20.    In January 2021, Dr. Ebrahimi began her employment with the University of Florida as an Assistant Professor in the Department of Electrical & Computer Engineering at an initial salary of $95,000 per year, which was later increased to $120,000 per year.

21.    Dr. Ebrahimi is one of the few Iranian female faculty members in the department and holds a Ph.D. in Electrical Engineering.

22.    Throughout her employment, Dr. Ebrahimi consistently demonstrated excellence in her academic and research responsibilities, securing significant research funding including a $500,000 DARPA Young

Faculty Award and a subsequent $250,000 Director's Fellowship.

23.    Beginning in early 2023, Dr. Ebrahimi began experiencing discriminatory treatment based on her gender, race, and national origin from department leadership, particularly from David Arnold, the Associate Chair, and other senior administrators.

24.    Male colleagues were consistently treated more favorably than Dr. Ebrahimi. When she raised technical concerns or objections in meetings, she was labeled as "emotional," while male colleagues expressing similar concerns were praised for being "rational" and "analytical."

25.    In October 2023, without Dr. Ebrahimi's consent or consultation, David Arnold, a white male colleague, took control of her DARPA project and excluded her from project decisions and meetings, despite her role as the Principal Investigator.

26.    Due to her Iranian origin, Dr. Ebrahimi was subjected to discriminatory treatment regarding access to technology and research materials. She faced additional restrictions and barriers in obtaining necessary NDAs and export control clearances that were not imposed on non-Iranian faculty members.

27.    On November 2, 2023, Dr. Ebrahimi received a threatening email

regarding her courtesy appointment, which had been previously approved to facilitate her ongoing research projects and student supervision.

28.   On February 12, 2024, in an act of retaliation, the University abruptly terminated Dr. Ebrahimi's courtesy appointment, severely disrupting her ability to complete ongoing research projects and supervise PhD students.

29.   Following the termination of her courtesy appointment, the University engaged in a pattern of retaliatory actions, including:

  a.   Cancellation of her $250,000 DARPA Director's Fellowship;

  b.   Removal from PhD student committees;

  c.   Denial of access to research materials and design files;

  d.   Making false accusations about unauthorized chip collection; and

  e.   Unauthorized use of her intellectual property.

30.   In April 2024, University leadership made false accusations against Dr. Ebrahimi, damaging her professional reputation and relationships with funding agencies.

31.   In May 2024, the University proceeded to use Dr. Ebrahimi's

APSK system design without her authorization, infringing upon her intellectual property rights.

32.    In July 2024, the University sent threatening and defamatory communications to Dr. Ebrahimi's new employer, Northeastern University, in a continued pattern of retaliation and discrimination.

33.    As a direct result of the University's discriminatory and retaliatory actions, Dr. Ebrahimi has suffered severe professional, financial, and personal damages, including:

    a.    Loss of $750,000.00 in research funding;

    b.    Loss of summer salary;

    c.    Damage to her professional reputation;

    d.    Interference with publication efforts;

    e.    Loss of career advancement opportunities; and

    f.    Damage to relationships with funding agencies, particularly DARPA.

34.    The discriminatory and retaliatory actions have also caused Dr. Ebrahimi to suffer serious medical and emotional distress, including:

    a.    Relapse of Graves Disease;

    b.    Sleep disorders; and

      c.    Ongoing need for therapy with Mary Ann Burg and Rob

Kanzar

35.    Throughout this period, Dr. Ebrahimi made multiple attempts to address these issues through proper channels, including reporting to HR and employee relations staff, but the University failed to take appropriate corrective action to address the discrimination and retaliation.

36.    The University's discriminatory treatment was particularly evident in its handling of export control matters, where Dr. Ebrahimi faced heightened scrutiny and restrictions based on her Iranian origin that were not applied to faculty members of other nationalities.

37.    The University's actions created a hostile work environment that effectively forced Dr. Ebrahimi to seek alternative employment, resulting in her current position at Northeastern University beginning August 30, 2024.

38.    Multiple University employees, including David Norton, Chriss Hass, Cassandra C Farley, Robert Cancellieri, and Ronald Anderson, were aware of the discriminatory treatment but failed to take appropriate action to prevent or address it.

39.    The pattern of discrimination and retaliation continues to affect Dr. Ebrahimi's professional activities, as the University's actions have

created ongoing obstacles to her research work and academic career advancement.

## COUNT I
## VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT
### Race and National Origin Discrimination

40.     Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 39 of this Complaint as though fully set forth herein.

41.     Plaintiff is a 37-year-old female of Iranian/Middle Eastern origin.

42.     At all times material herein, Defendant employed Plaintiff and Defendant was an "employer" within the meaning of Title VII.

43.     Moreover, Defendant is a "person" within the meaning of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e(a). Defendant is a "person" within the meaning of 42 U.S.C. § 2000e(a) in that, the definition "includes one or more individuals, governments, governmental agencies, political subdivisions, labor unions, partnerships, associations, corporations, legal representatives, mutual companies, joint-stock companies, trusts, unincorporated organizations, trustees, trustees in cases under title 11, or receivers." 42 U.S.C. § 2000e(a).

44. Throughout her employment, Plaintiff was subjected to discrimination based on her race and national origin, including but not limited to:

      a.   Discriminatory treatment regarding access to technology and research materials;

      b.   Additional restrictions and barriers in obtaining necessary NDAs and export control clearances;

      c.   Heightened scrutiny and restrictions based on her Iranian origin;

      d.   Exclusion from technical presentations and project decisions;

      e.   Unauthorized reassignment of her DARPA project to a white male colleague; and

      f.   Termination of her courtesy appointment.

45. Defendant knew or should have known of the discrimination suffered by Plaintiff.

46. Defendant violated Title VII by subjecting Plaintiff to discrimination because of her race and national origin by failing to promptly correct the discriminatory behavior of its employees, supervisors, and

agents, and by taking adverse employment actions against Plaintiff.

47.    The conduct of Defendant, by and through its employees, supervisors, managers, and agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the discrimination against Plaintiff, deprived her of statutory rights under Title VII.

48.    Defendant's actions constitute discrimination in violation of Title VII.

49.    As a direct, proximate and foreseeable result of Defendant's aforementioned actions, inactions, and violations of Title VII, Plaintiff has suffered, continues to suffer, and will suffer the following:

      a.    Lost wages and benefits, past and future;

      b.    Lost earning capacity;

      c.    Loss of approximately $1 million in research funding;

      d.    Loss of summer salary;

      e.    Damage to professional reputation;

      f.    Loss of career advancement opportunities;

      g.    Damage to relationships with funding agencies;

      h.    Physical health complications including relapse of Graves

Disease;

i.    Noneconomic damages, including but not limited to, pain and suffering, mental anguish, emotional distress, humiliation, loss of dignity, and other nonpecuniary losses and intangible injuries.

The Plaintiff, DR. NAJME EBRAHIMI, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, UNIVERSITY OF FLORIDA BOARD OF TRUSTEES, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.    Grant judgment in favor of Plaintiff and declare that Defendant has violated Title VII of the Civil Rights Act, as amended, by discriminating against Plaintiff based on her race and national;

B.    Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered because of the discrimination and retaliation to which Defendant subjected her, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination and retaliation she has endured;

C.     Award compensatory damages to Plaintiff in an amount that will fully, justly, and reasonably compensate Plaintiff for the nature, extent, and duration of the damages caused by Defendant's discriminatory and retaliatory conduct and actions;

D.     Award Plaintiff all other damages available under Title VII, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under these statutes, according to proof;

F.     Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate, as provided by law;

G.     Award Plaintiff her attorneys' fees, reasonable expert witness fees, and the costs of this action; and

H.     Grant such other and further relief as this Court may deem equitable, just, and proper.

### COUNT II
### VIOLATIONS OF 42 U.S. CODE § 1981
### Race Discrimination

50.     Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 39 of this Complaint as though fully set forth herein.

51.    42 U.S. Code § 1981 makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based on that person's race.

52.    Plaintiff is a 37-year-old female of Iranian/Middle Eastern origin and a member of a protected class protected by 42 U.S. Code § 1981 from discrimination based on her race.

53.    At all times material herein, Defendant was and is an "employer" within the meaning of 42 U.S. Code § 1981.

54.    The actions and inaction of Defendant, by and through the conduct of its employees, supervisors, managers, and agents, as more particularly described hereinabove, constitute unlawful discrimination based on Plaintiff's race.

55.    As her employer, Defendant was obligated to guard against the discrimination of Plaintiff by her co-workers, supervisors, managers, and other agents of Defendant and to protect Plaintiff from discrimination in the workplace.

56.    Defendant violated 42 U.S. Code § 1981 by subjecting Plaintiff to discrimination because of her race by failing to promptly correct discriminatory behavior once it learned of it.

57.     Plaintiff, by being subjected to this discrimination by Defendant, was unreasonably and negatively affected in the terms, conditions, and privileges of her employment with Defendant.

58.     The conduct of Defendant, by and through its employees, supervisors, managers, and other agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the discrimination of Plaintiff deprived her of statutory rights under 42 U.S. Code § 1981.

59.     As a direct, proximate and foreseeable result of Defendant's aforementioned actions, inactions, and violations of 42 U.S. Code § 1981, Plaintiff has suffered, continues to suffer, and will suffer the following:

        a.     Lost wages and benefits, past and future;

        b.     Lost earning capacity;

        c.     Loss of approximately $1 million in research funding;

        d.     Loss of summer salary;

        e.     Damage to professional reputation;

        f.     Loss of career advancement opportunities;

        g.     Damage to relationships with funding agencies;

        h.     Physical health complications including relapse of Graves

Disease;

i.    Noneconomic damages, including but not limited to, pain and suffering, mental anguish, emotional distress, humiliation, loss of dignity, and other nonpecuniary losses and intangible injuries.

The Plaintiff, DR. NAJME EBRAHIMI, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, UNIVERSITY OF FLORIDA BOARD OF TRUSTEES, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.    Grant judgment in favor of Plaintiff and declare that Defendant has violated 42 U.S. Code § 1981, by discriminating against Plaintiff based on her race and national;

B.    Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered because of the discrimination and retaliation to which Defendant subjected her, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination and retaliation she has endured;

C.    Award compensatory damages to Plaintiff in an amount that will fully, justly, and reasonably compensate Plaintiff for the nature, extent, and duration of the damages caused by Defendant's discriminatory and retaliatory conduct and actions;

D.    Award Plaintiff all other damages available under 42 U.S. Code § 1981, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under these statutes, according to proof;

F.    Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate, as provided by law;

G.    Award Plaintiff her attorneys' fees, reasonable expert witness fees, and the costs of this action; and

H.    Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT III
## VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT
### Gender Discrimination

60.    Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 39 of this Complaint as though fully set forth herein.

61.     Plaintiff is female and a member of a protected class under Title VII.

62.     Throughout her employment, Plaintiff was subjected to discrimination based on her gender, including but not limited to:

      a.     Being labeled as "emotional" while male colleagues were praised as "rational";

      b.     Exclusion from technical presentations in favor of male colleagues;

      c.     Reassignment of her project to a male colleague without her consent;

      d.     Exclusion from project decisions and meetings; and

      e.     Different treatment regarding access to resources and opportunities.

63.     Defendant knew or should have known of the gender discrimination suffered by Plaintiff.

64.     Defendant violated Title VII by subjecting Plaintiff to discrimination because of her gender by failing to promptly correct the

discriminatory behavior and by taking adverse employment actions against her.

65.    The conduct of Defendant, by and through its employees, supervisors, managers, and agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the discrimination against Plaintiff, deprived her of statutory rights under Title VII.

66.    As a direct, proximate and foreseeable result of Defendant's aforementioned actions, inactions, and violations of Title VII, Plaintiff has suffered, continues to suffer, and will suffer the following:

    a.    Lost wages and benefits, past and future;

    b.    Lost earning capacity;

    c.    Loss of approximately $1 million in research funding;

    d.    Loss of summer salary;

    e.    Damage to professional reputation;

    f.    Loss of career advancement opportunities;

    g.    Damage to relationships with funding agencies;

    h.    Physical health complications including relapse of Graves Disease;

      i.     Noneconomic damages, including but not limited to, pain and suffering, mental anguish, emotional distress, humiliation, loss of dignity, and other nonpecuniary losses and intangible injuries.

WHEREFORE, the Plaintiff, DR. NAJME EBRAHIMI, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, UNIVERSITY OF FLORIDA BOARD OF TRUSTEES, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.     Grant judgment in favor of Plaintiff and declare that Defendant has violated Title VII of the Civil Rights Act, as amended, by discriminating against Plaintiff based on her race and national;

B.     Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered because of the discrimination and retaliation to which Defendant subjected her, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination and retaliation she has endured;

C.    Award compensatory damages to Plaintiff in an amount that will fully, justly, and reasonably compensate Plaintiff for the nature, extent, and duration of the damages caused by Defendant's discriminatory and retaliatory conduct and actions;

D.    Award Plaintiff all other damages available under Title VII, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under these statutes, according to proof;

F.    Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate, as provided by law;

G.    Award Plaintiff her attorneys' fees, reasonable expert witness fees, and the costs of this action; and

H.    Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT IV
## VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT
### Retaliation

67.    Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 39 of this Complaint as though fully set forth herein.

68.     Plaintiff engaged in protected activity by complaining about discrimination to HR and employee relations staff.

69.     Following Plaintiff's protected activity, Defendant engaged in retaliatory actions including:

> a. Termination of her courtesy appointment on February 12, 2024;
>
> b.     Cancellation of her $250,000 DARPA Director's Fellowship;
>
> c.     Removal from PhD student committees;
>
> d.     Denial of access to research materials and design files;
>
> e.     Making false accusations about unauthorized chip collection;
>
> f.     Sending threatening communications to her current employer;
>
> g.     Unauthorized use of her intellectual property; and
>
> h.     Cancellation of previously approved funding transfers.

70.     These adverse actions were causally connected to Plaintiff's protected activity.

71.     Defendant's actions constitute unlawful retaliation in violation

of Title VII and the FCRA.

72.    As a direct, proximate and foreseeable result of Defendant's aforementioned actions, inactions, and violations of Title VII, Plaintiff has suffered, continues to suffer, and will suffer the following:

a.    Lost wages and benefits, past and future;

b.    Lost earning capacity;

c.    Loss of approximately $1 million in research funding;

d.    Loss of summer salary;

e.    Damage to professional reputation;

f.    Loss of career advancement opportunities;

g.    Damage to relationships with funding agencies;

h.    Physical health complications including relapse of Graves Disease;

i.    Noneconomic damages, including but not limited to, pain and suffering, mental anguish, emotional distress, humiliation, loss of dignity, and other nonpecuniary losses and intangible injuries.

WHEREFORE, the Plaintiff, DR. NAJME EBRAHIMI, requests trial by jury of all issues so triable as of right, demands judgment against the

Defendant, UNIVERSITY OF FLORIDA BOARD OF TRUSTEES, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.  Grant judgment in favor of Plaintiff and declare that Defendant has violated Title VII of the Civil Rights Act, as amended, by discriminating against Plaintiff based on her race and national;

B.  Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered because of the discrimination and retaliation to which Defendant subjected her, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination and retaliation she has endured;

C.  Award compensatory damages to Plaintiff in an amount that will fully, justly, and reasonably compensate Plaintiff for the nature, extent, and duration of the damages caused by Defendant's discriminatory and retaliatory conduct and actions;

D.  Award Plaintiff all other damages available under Title VII, including, but not limited to, the damages set forth above and

other economic losses proximately caused and allowable under these statutes, according to proof;

F.      Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate, as provided by law;

G.      Award Plaintiff her attorneys' fees, reasonable expert witness fees, and the costs of this action; and

H.      Grant such other and further relief as this Court may deem equitable, just, and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury.

Date this 20th day of February 2025.

*/s/ Jason W. Imler, Esq*
Jason W. Imler
Florida Bar No. 1004422
Alberto "Tito" Gonzalez
Florida Bar No. 1037033
**Imler Law**
23110 State Road 54, Unit 407
Lutz, Florida 33549
(P): 813-553-7709
Jason@ImlerLaw.com
Tito@ImlerLaw.com
Tiffany@ImlerLaw.com

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>EIGHTH</u>    JUDICIAL CIRCUIT,
IN AND FOR <u>ALACHUA</u>    COUNTY, FLORIDA

<u>NAJME EBRAHIMI</u>
Plaintiff

Case # _____
Judge _____

vs.
<u>UNIVERSITY OF FLORIDA</u>
Defendant

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☒  over $100,000.00

### III.    TYPE OF CASE    (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☒ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☒ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

    **IV.**    **REMEDIES SOUGHT** (check all that apply):
    ☒ Monetary;
    ☒ Nonmonetary declaratory or injunctive relief;
    ☐ Punitive

    **V.**    **NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

    <u>4</u>

    **VI.**    **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

    **VII.**    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

    **VIII.**    **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

    **IX.**    **DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Jason William Imler</u>        Fla. Bar # <u>1004422</u>
        Attorney or party                  (Bar # if attorney)

<u>Jason William Imler</u>          <u>02/20/2025</u>
  (type or print name)         Date

THE EIGHTH JUDICIAL CIRCUIT OF FLORIDA
ADMINISTRATIVE ORDER NO. 3.09

## STANDING CASE MANAGEMENT ORDER IN COUNTY AND CIRCUIT CIVIL CASES

**WHEREAS,** Florida Rule of Civil Procedure 1.200(b) requires the court to assign civil cases to one of three case management tracks not later than 120 days after the action commences; and

**WHEREAS,** Florida Rule of Civil Procedure 1.200(d)(2) requires the court to issue a case management order that specifies the projected or actual trial period based on the case track assignment; and

**WHEREAS,** Florida Rule of Civil Procedure 1.200(d) further provides that the case management order must also set deadlines that are differentiated based on whether the case is streamlined, general, or complex and must be consistent with the time standards specified in Florida Rule of General Practice and Judicial Administration 2.250(a)(1)(B), it is hereby

**ORDERED:**

**1.** The presiding judge in each civil case shall actively manage all civil cases and shall strictly comply with Florida Rule of Judicial Administration 2.545(a), (b) and (e).

**2.** This order applies to all civil actions except those listed in Florida Rule of Civil Procedure 1.200(a).

**3.** A system of differentiated case management shall be utilized in civil cases, which requires designation of each case as one of the following: complex, streamlined, or general.

**4.** Complex civil cases shall be designated pursuant to the criteria in Florida Rule of Civil Procedure 1.201. Upon such designation, complex civil cases shall proceed as provided in that rule.

**5.** Pursuant to Florida Rule of Civil Procedure 1.200(b)(2), streamlined cases are those that reflect some mutual knowledge about the underlying facts, have limited needs for discovery, well-established legal issues related to liability and damages, few anticipated dispositive pretrial motions, minimal documentary evidence, and an anticipated trial length of no more than 3 days.

**6.**    General cases are all other actions that do not meet the criteria for streamlined or complex.

**7.**    In each civil case, the standing civil case management order (attached hereto as Appendix A) shall be signed by the plaintiff and filed in the court file along with the complaint. The plaintiff shall cause the standing order to be served, along with the complaint, on each named defendant. The Clerk shall not accept a civil case for filing without submission of the signed standing order.

**8.**    Deadlines established herein shall be strictly enforced.

The effective date of this Order is January 20, 2025.

**ORDERED ON** this 9th day of January 2025.

Mark W. Moseley, Chief Judge

IN THE EIGHTH JUDICIAL CIRCUIT OF FLORIDA

**STANDING CASE MANAGEMENT ORDER**

[Florida Rule of Civil Procedure 1.200]

**THIS ACTION** is before the court for case management pursuant to Florida Rule of Civil Procedure 1.200. Therefore, it is **ADJUDGED** that:

1. This case is provisionally designated as a general civil case.

2. **TRIAL DATE**: The projected date for a non-jury trial shall be the first regular trial term taking place one year from a) the date of initial process on the last defendant or b) 120 days after commencement of the action, whichever occurs first. The projected date for a jury trial shall be the first regular trial term taking place eighteen months from a) the date of initial process on the last defendant or b) 120 days after commencement of the action, whichever occurs first. The presiding judge will enter an order scheduling pretrial conference and trial for a date certain after scheduling a case management conference. The trial term dates for each civil division are published on the Eighth Judicial Circuit Court website at https://circuit8.org/court-calendars/master-calendars/. In county court cases, any case redesignated by the trial court as a streamlined case, in cases where the parties request it, or in any other case the trial court deems it appropriate, the trial date may be adjusted to take place sooner. Judges shall apply a firm continuance policy allowing continuances only for good cause shown.

3. **SERVICE OF COMPLAINTS**: Service of complaints should be completed within 120 days of filing. *See* Florida Rule of Civil Procedure 1.070(j).

4. **SERVICE UNDER EXTENSIONS:** For good cause shown, deadlines for extensions to serve process upon defendants shall be at the discretion of the trial judge. *See* Florida Rule of Civil Procedure 1.070(j).

5. **ADDING NEW PARTIES:** Requests for the addition of new parties shall be filed within 180 days of filing the complaint.

6. **COMPLETION OF FACT DISCOVERY:** Fact discovery shall be completed 75 days prior to the trial date set forth above.

7. **COMPLETION OF EXPERT DISCOVERY:** Expert discovery shall be completed 75 days prior to the trial date set forth above.

8. **FILING AND SERVICE OF MOTIONS FOR SUMMARY JUDGMENT:** Motions for summary judgment shall be filed and served a minimum of 90 days prior to the pretrial conference and shall be scheduled for hearing immediately upon filing.

9. **FILING AND RESOLUTION OF ALL OBJECTIONS TO PLEADINGS:** Objections to pleadings shall be filed and resolved a minimum of 30 days prior to the pretrial conference.

10. **FILING AND RESOLUTION OF ALL PRETRIAL MOTIONS:** All pretrial motions shall be filed and resolved a minimum of 30 days prior to the pretrial conference.

11. **GOOD FAITH CONFERRAL:** Prior to filing any motion, counsel filing the motion shall confer with the opposing party in a good faith effort to resolve the issues raised in the motion. The motion shall include a certificate of conferral which complies with Florida Rule of Civil Procedure 1.202(b).

12. **COMPLETION OF ALTERNATIVE DISPUTE RESOLUTION**: The parties shall conclude either non-binding arbitration or mediation at least 90 days prior to the trial date set forth above.

13. Deadlines established herein shall be strictly enforced unless changed by court order. *See* Florida Rule of Civil Procedure 1.200(e). Lawyers must strictly comply with Florida Rule of General Practice and Judicial Administration 2.545(a), which requires lawyers to conclude litigation as soon as it is reasonably and justly possible to do so. This order may be modified when the case is scheduled for trial. Fla. R. Civ. P. 1.440.

**ORDERED** in Alachua County, Florida, on January 9, 2025.

Mark W. Moseley, Chief Judge
on behalf of all presiding Eighth Circuit civil judges

I HEREBY CERTIFY that I have read and will comply with the foregoing standing order and shall cause it to be filed and served, contemporaneously with the complaint, on all named defendants.

2/20/2025

Plaintiff or Plaintiff's Counsel                    Date

**IN THE CIRCUIT COURT OF THE EIGHTH JUDICIAL CIRCUIT
IN AND FOR ALACHUA COUNTY, FLORIDA
CIVIL DIVISION**

**DR. NAJME EBRAHIMI,**

      **Plaintiff,**

**vs.**                                    **CASE NO.:**

**UNIVERSITY OF FLORIDA,
a public university of the State of Florida,**

      **Defendant.**

_____/

**<u>SUMMONS</u>**

**THE STATE OF FLORIDA:**
To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on defendant UNIVERSITY OF FLORIDA, a public university of the State of Florida's:

UNIVERSITY OF FLORIDA
123 Tigert Hall
P.O. Box 113125
Gainesville, FL 32611-3125

Each defendant is required to serve written defenses to the complaint or petition on <u>JASON W. IMLER</u>, plaintiff's attorney, whose address is 23110 State Road 54, Unit 407, Lutz, Florida 33549 within 20[1] days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on this 20th day of February 2025

Printed: _____Jason W. Imler_____      J.K. "Jess" Irby, Esq.
Attorney for DR. NAJME EBRAHIMI      as Clerk of the Court
23110 State Road 54, Unit 407
Lutz, Florida 33549                By _____
Phone (813) 553-7709             As Deputy Clerk
Florida Bar No.: ____1004422_____      352-374-3636

CLERK UNABLE TO ISSUE

SUMMONS AS THE ADA LANGUAGE IN FRENCH, SPANISH, AND CROELE IS MISSING

1

[1]Except when suit is brought pursuant to section 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to be inserted as to it is 40 days. When suit is brought pursuant to section 768.28, Florida Statutes, the time to be inserted is 30 days.

If you are a person with a disability who needs any accommodation to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Persons with a disability who need any accommodation in order to participate should call Jan Phillips, ADA Coordinator, Alachua County Courthouse, 201 E. University Ave., Gainesville, FL 32601 at (352) 337-6237 within two (2) working days of your receipt of this notice; if you are hearing impaired call (800) 955-8771; if you are voice impaired, call (800) 955-8770.

### IMPORTANT
A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named in the documents.

### IMPORTANTE
Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Sino conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

### IMPORTANT
Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etesobliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissezpas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-ddessousous.

2

**IN THE CIRCUIT COURT OF THE EIGHTH JUDICIAL CIRCUIT
IN AND FOR ALACHUA COUNTY, FLORIDA
CIVIL DIVISION**

**DR. NAJME EBRAHIMI,**

     **Plaintiff,**

**vs.**                                **CASE NO.:   2025-CA-000523**

**UNIVERSITY OF FLORIDA,
a public university of the State of Florida,**

     **Defendant.**

_____ /

**<u>SUMMONS</u>**

**THE STATE OF FLORIDA:**
To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on defendant UNIVERSITY OF FLORIDA, a public university of the State of Florida's:

UNIVERSITY OF FLORIDA
123 Tigert Hall
P.O. Box 113125
Gainesville, FL 32611-3125

Each defendant is required to serve written defenses to the complaint or petition on <u>JASON W. IMLER</u>, plaintiff's attorney, whose address is 23110 State Road 54, Unit 407, Lutz, Florida 33549 within 20[1] days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on this 28th day of February 2025

Printed: _____Jason W. Imler_____
Attorney for DR. NAJME EBRAHIMI
23110 State Road 54, Unit 407
Lutz, Florida 33549
Phone  (813) 553-7709
Florida Bar No.: ___1004422_____

J.K. "Jess" Irby, Esq.
as Clerk of the Court

By: _____
As Deputy Clerk
352-374-3636

1

[1]Except when suit is brought pursuant to section 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to be inserted as to it is 40 days. When suit is brought pursuant to section 768.28, Florida Statutes, the time to be inserted is 30 days.

If you are a person with a disability who needs any accommodation to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Persons with a disability who need any accommodation in order to participate should call Jan Phillips, ADA Coordinator, Alachua County Courthouse, 201 E. University Ave., Gainesville, FL 32601 at (352) 337-6237 within two (2) working days of your receipt of this notice; if you are hearing impaired call (800) 955-8771; if you are voice impaired, call (800) 955-8770.

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named in the documents.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 días, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefónica no lo protegerá. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el número del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guía telefónica. Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, deberá usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/ Plaintiff's Attorney" (Demandante o Abogado del Demandante). Si usted es una persona minusválida que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda. Tenga la amabilidad de ponerse en contacto con el Coordinador de la ADA, Alachua County Family and Civil Justice Center, 201 East University Avenue, Gainesville, FL 32601 (352-337-6237), por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711.

## IMPORTANT

Des poursuites judiciaires ont été entreprises contre vous. Vous avez 20 jours consécutifs a partir de la date de l'assignation de cette citation pour déposer une réponse écrite a la plainte ci-jointe auprès de ce tribunal. Un simple coup de téléphone est insuffisant pour vous protéger. Vous êtes obliges de déposer votre réponse écrite, avec mention du numéro de dossier ci-dessus et du nom des parties nommées ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne déposez pas votre réponse écrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent être saisis par la suite, sans aucun préavis ultérieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requérir les services immédiats d'un avocat. Si vos ne connaissez pas d'avocat, vous pourriez téléphoner à un service de référence d'avocats ou a un bureau d'assistance juridique (figurant à l'annuaire de téléphones). Si vous choisissez de déposer vous-même une réponse écrite, il vous faudra également, en même temps que cette formalité, faire parvenir ou expédier une copie de votre réponse écrite au "Plaintiff/ Plaintiff 's Attorney" (Plaignant ou à son avocat) nomme ci-dessous. Si vous êtes une personne handicapée qui a besoin de mesures d'adaptation pour participer à cette procédure, vous avez droit, sans frais pour vous, à une certaine assistance. Veuillez contacter [Alachua County Family and Civil Justice Center, 201 East University Avenue, Gainesville, FL 32601 (352-337-6237) au moins 7 jours avant votre comparution prévue au tribunal, ou immédiatement après avoir reçu cette notification si le délai avant la comparution prévue est inférieur à 7 jours; si vous êtes malentendant ou avez un trouble de la parole, appelez le 711.

## ENPÒTAN

Pwosedi legal yo te pran kont ou. Ou gen 20 jou konsekitif ki soti nan dat konklizyon sa a pou ou ranpli yon repons alekri pou plent sa a nan tribinal sa a. Yon apel telefon ki senp se pa ase pou pwoteje ou. Ou oblije ranpli repons alekri ou a, ak nimewo a dosye pi wo a ak non pati yo ki te nonmen isit la, si ou vle tribinal la tande ka w la. Si ou pa ranpli repons alekri ou nan rele egzije a, ou riske pedi koz la ak sale ou, lajan ou, ak pwopriyete ou yo ka mete men sou pita, san okenn lot avi nan tribinal la. Gen lot obligasyon legal epi ou ka mande sevis imedya yon avoka. Si ou pa konnen yon avoka, ou ka rele yon sèvis referans avoka oswa yon biwo ed legal (ki nan lis nan anye telefon). Si ou chwazi pou ou soumet yon repons alekri tet ou, ou pral bezwen tou voye oswa voye yon kopi repons ekri ou nan fòm sa a an menm tan an tankou fomalite sa a "Avoka Pleyan/ Pwokire a" (Pleyan oswa avoka li) non anba a. Si ou se yon moun ki enfim ki bezwen akomodasyon pou w kab patisipe nan pwosedi sa a, ou gen dwa, san ou pa bezwen peye okenn lajan, pou w jwenn yon sèten èd. Tanpri kontakte Koodonate ADA a, Alachua County Family and Civil Justice Center, 201 East University Avenue, Gainesville, FL 32601 (352-337-6237), fè w omwen 7 jou avan dat ou gen randevou pou parèt nan Tribinal la, oswa fè sa imedyatman apre ou fin resevwa konvokasyon an sid dat ou gen pou w parèt nan tribinal la mwens pase 7 jou; sii ou gen pwoblèm pou w tande byen oswa pou w pale klè, rele 711.

3

**IN THE CIRCUIT COURT OF THE EIGHTH JUDICIAL CIRCUIT
IN AND FOR ALACHUA COUNTY, FLORIDA
CIVIL DIVISION**

**DR. NAJME EBRAHIMI,**

     **Plaintiff,**

**vs.**                                    **CASE NO.:**   **2025-CA-000523**

**UNIVERSITY OF FLORIDA,
a public university of the State of Florida,**

     **Defendant.**

_____/

## SUMMONS

**THE STATE OF FLORIDA:**
To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on defendant UNIVERSITY OF FLORIDA, a public university of the State of Florida's:

UNIVERSITY OF FLORIDA
123 Tigert Hall
P.O. Box 113125
Gainesville, FL 32611-3125

Each defendant is required to serve written defenses to the complaint or petition on <u>JASON W. IMLER</u>, plaintiff's attorney, whose address is 23110 State Road 54, Unit 407, Lutz, Florida 33549 within 20[1] days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on this 28th day of February 2025

Printed: _____Jason W. Imler_____
Attorney for DR. NAJME EBRAHIMI
23110 State Road 54, Unit 407
Lutz, Florida 33549
Phone  (813) 553-7709
Florida Bar No.: ___1004422_____

J.K. "Jess" Irby, Esq.
as Clerk of the Court

By: _____
As Deputy Clerk
352-374-3636

1

[1]Except when suit is brought pursuant to section 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to be inserted as to it is 40 days. When suit is brought pursuant to section 768.28, Florida Statutes, the time to be inserted is 30 days.

If you are a person with a disability who needs any accommodation to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Persons with a disability who need any accommodation in order to participate should call Jan Phillips, ADA Coordinator, Alachua County Courthouse, 201 E. University Ave., Gainesville, FL 32601 at (352) 337-6237 within two (2) working days of your receipt of this notice; if you are hearing impaired call (800) 955-8771; if you are voice impaired, call (800) 955-8770.

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named in the documents.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 días, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefónica no lo protegerá. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el número del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guía telefónica. Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, deberá usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/ Plaintiff's Attorney" (Demandante o Abogado del Demandante). Si usted es una persona minusválida que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda. Tenga la amabilidad de ponerse en contacto con el Coordinador de la ADA, Alachua County Family and Civil Justice Center, 201 East University Avenue, Gainesville, FL 32601 (352-337-6237), por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711.

IMPORTANT

Des poursuites judiciaires ont été entreprises contre vous. Vous avez 20 jours consécutifs a partir de la date de l'assignation de cette citation pour déposer une réponse écrite a la plainte ci-jointe auprès de ce tribunal. Un simple coup de téléphone est insuffisant pour vous protéger. Vous êtes obliges de déposer votre réponse écrite, avec mention du numéro de dossier ci-dessus et du nom des parties nommées ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne déposez pas votre réponse écrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent être saisis par la suite, sans aucun préavis ultérieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requérir les services immédiats d'un avocat. Si vos ne connaissez pas d'avocat, vous pourriez téléphoner à un service de référence d'avocats ou a un bureau d'assistance juridique (figurant à l'annuaire de téléphones). Si vous choisissez de déposer vous-même une réponse écrite, il vous faudra également, en même temps que cette formalité, faire parvenir ou expédier une copie de votre réponse écrite au "Plaintiff/ Plaintiff 's Attorney" (Plaignant ou à son avocat) nomme ci-dessous. Si vous êtes une personne handicapée qui a besoin de mesures d'adaptation pour participer à cette procédure, vous avez droit, sans frais pour vous, à une certaine assistance. Veuillez contacter [Alachua County Family and Civil Justice Center, 201 East University Avenue, Gainesville, FL 32601 (352-337-6237) au moins 7 jours avant votre comparution prévue au tribunal, ou immédiatement après avoir reçu cette notification si le délai avant la comparution prévue est inférieur à 7 jours; si vous êtes malentendant ou avez un trouble de la parole, appelez le 711.

ENPÒTAN

Pwosedi legal yo te pran kont ou. Ou gen 20 jou konsekitif ki soti nan dat konklizyon sa a pou ou ranpli yon repons alekri pou plent sa a nan tribinal sa a. Yon apel telefon ki senp se pa ase pou pwoteje ou. Ou oblije ranpli repons alekri ou a, ak nimewo a dosye pi wo a ak non pati yo ki te nonmen isit la, si ou vle tribinal la tande ka w la. Si ou pa ranpli repons alekri ou nan rele egzije a, ou riske pedi koz la ak sale ou, lajan ou, ak pwopriyete ou yo ka mete men sou pita, san okenn lot avi nan tribinal la. Gen lot obligasyon legal epi ou ka mande sevis imedya yon avoka. Si ou pa konnen yon avoka, ou ka rele yon sèvis referans avoka oswa yon biwo ed legal (ki nan lis nan anye telefon). Si ou chwazi pou ou soumet yon repons alekri tet ou, ou pral bezwen tou voye oswa voye yon kopi repons ekri ou nan fòm sa a an menm tan an tankou fomalite sa a "Avoka Pleyan/ Pwokire a" (Pleyan oswa avoka li) non anba a. Si ou se yon moun ki enfim ki bezwen akomodasyon pou w kab patisipe nan pwosedi sa a, ou gen dwa, san ou pa bezwen peye okenn lajan, pou w jwenn yon sèten èd. Tanpri kontakte Koodonate ADA a, Alachua County Family and Civil Justice Center, 201 East University Avenue, Gainesville, FL 32601 (352-337-6237), fè sa omwen 7 jou avan dat ou gen randevou pou parèt nan Tribinal la, oswa fè sa imedyatman apre ou fin resevwa konvokasyon an sid dat ou gen pou w parèt nan tribinal la mwens pase 7 jou; sii ou gen pwoblèm pou w tande byen oswa pou w pale klè, rele 711.

3

Filing # 218776093 E-Filed 03/13/2025 09:28:47 PM

**IN THE CIRCUIT COURT OF THE EIGHTH JUDICIAL CIRCUIT
IN AND FOR ALACHUA COUNTY, FLORIDA
CIVIL DIVISION**

**DR. NAJME EBRAHIMI,**

     **Plaintiff,**

**v.**                **CASE NO:**      **2025-CA-000523**

**UNIVERSITY OF FLORIDA,
a public university of the State of Florida,**

     **Defendant.**

                                              /

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DR. NAJME EBRAHIMI, (hereinafter "Plaintiff" or "Dr.
Ebrahimi"), by and through the undersigned counsel, hereby sues
Defendant, UNIVERSITY OF FLORIDA (hereinafter "Defendant," or "UF")
and alleges:

### INTRODUCTION

1.    The Plaintiff brings this action against Defendant, her former
employer, seeking to recover damages for unlawful discrimination based on
race, national origin, and gender, as well as retaliation in violation of her
rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.

§ 2000e et seq. ("Title VII") and its implementing Regulations; and 42 U.S. Code § 1981 - Equal rights under the law.

2.      As further set forth below, Plaintiff alleges that Defendant unlawfully discriminated against her based on her Iranian/Middle Eastern origin, race, and gender, altered the terms, conditions, and privileges of her employment, and retaliated against her in violation of her rights under Title VII and 42 U.S. Code § 1981. The discriminatory and retaliatory actions included, but were not limited to, the termination of her courtesy appointment, cancellation of research funding, removal from PhD student committees, denial of access to research materials, false accusations, and threatening communications to her current employer.

3.      As a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered actual damages including, but not limited to, loss of approximately $1 million in research funding, loss of summer salary, loss of opportunity for future income, loss of benefits, and loss of future pay increases. In addition, she has suffered and continues to suffer severe damage to her professional and personal reputation, emotional distress, mental anguish, humiliation, and physical health complications.

4.      Plaintiff has incurred costs and attorney's fees in bringing this

matter.

## JURISDICTION AND VENUE

5.       This is an action for damages exceeding fifty thousand dollars
($50,000.00).

6.       Venue is proper in Alachua County, Florida pursuant to § 47.011,
Florida Statutes, as the Defendant's principal place of business is in Alachua
County, Florida, and the acts and omissions giving rise to Plaintiff's claims
occurred within Alachua County, Florida.

## PARTIES

7.       Plaintiff is a 37-year-old female of Iranian/Middle Eastern
origin.

8.       Plaintiff is a member of classes protected against discrimination
and retaliation based on her race, national origin, and gender under Title VII
and 42 U.S. Code § 1981.

9.       During the period from January 2021 until August 23, 2023,
Defendant employed Plaintiff as an Assistant Professor in the Department
of Electrical & Computer Engineering, and subsequently as a Courtesy
Assistant Professor from September 1, 2023, until February 12, 2024.

10.      At all times material herein, Plaintiff met the definitions of

"employee" and "eligible employee" under all applicable federal and state statutes.

11.    At all times material herein, Plaintiff was an employee entitled to protection as defined by Title VII and 42 U.S. Code § 1981.

12.    The Defendant, UNIVERSITY OF FLORIDA BOARD OF TRUSTEES, is principally located at PO BOX 113125, Gainesville, FL 32611.

13.    At all times material herein, Defendant regularly conducts, and continues to conduct, business throughout Alachua County, Florida.

14.    At all times material herein, Defendant employed more than 501 employees and met, and continues to meet, the definition of "employer" under all applicable federal and state statutes including, but not limited to, Title VII and 42 U.S. Code § 1981.

15.    Accordingly, Defendant is liable under Title VII and 42 U.S. Code § 1981 for the unlawful discrimination and retaliation to which it subjected Plaintiff.

## ADMINISTRATIVE PREREQUISITES

16.    Plaintiff has properly exhausted all administrative prerequisites prior to filing the instant lawsuit.

17.    On December 17, 2024, Plaintiff timely dual filed a Charge of

Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") against Defendant alleging, among other things, discrimination based on her race, national origin, gender, and retaliation (EEOC Charge No. 510-2024-09860).

18.    On December 30, 2024, the EEOC issued Plaintiff a Notice of Right to Sue in reference to her Charge of Discrimination against Defendant.

19.    All conditions precedent to bringing this action have been performed or have occurred.

## GENERAL ALLEGATIONS

20.    In January 2021, Dr. Ebrahimi began her employment with the University of Florida as an Assistant Professor in the Department of Electrical & Computer Engineering at an initial salary of $95,000 per year, which was later increased to $120,000 per year.

21.    Dr. Ebrahimi is one of the few Iranian female faculty members in the department and holds a Ph.D. in Electrical Engineering.

22.    Throughout her employment, Dr. Ebrahimi consistently demonstrated excellence in her academic and research responsibilities, securing significant research funding including a $500,000 DARPA Young

Faculty Award and a subsequent $250,000 Director's Fellowship.

23.    Beginning in early 2023, Dr. Ebrahimi began experiencing discriminatory treatment based on her gender, race, and national origin from department leadership, particularly from David Arnold, the Associate Chair, and other senior administrators.

24.    Male colleagues were consistently treated more favorably than Dr. Ebrahimi. When she raised technical concerns or objections in meetings, she was labeled as "emotional," while male colleagues expressing similar concerns were praised for being "rational" and "analytical."

25.    In October 2023, without Dr. Ebrahimi's consent or consultation, David Arnold, a white male colleague, took control of her DARPA project and excluded her from project decisions and meetings, despite her role as the acting Principal Investigator.

26.    Due to her Iranian origin, Dr. Ebrahimi was subjected to discriminatory treatment regarding access to technology and research materials. She faced additional restrictions and barriers in obtaining necessary NDAs and export control clearances that were not imposed on non-Iranian faculty members.

27.    On November 2, 2023, Dr. Ebrahimi received a threatening email

regarding her courtesy appointment, which had been previously approved to facilitate her ongoing research projects and student supervision.

28.   On February 12, 2024, in an act of retaliation, the University abruptly terminated Dr. Ebrahimi's courtesy appointment, severely disrupting her ability to complete ongoing research projects and supervise PhD students.

29.   Following the termination of her courtesy appointment, the University engaged in a pattern of retaliatory actions, including:

> a.   Cancellation of her $250,000 DARPA Director's Fellowship;
>
> b.   Removal from PhD student committees;
>
> c.   Denial of access to research materials and design files;
>
> d.   Making false accusations about unauthorized chip collection; and
>
> e.   Unauthorized use of her intellectual property.

30.   In April 2024, University leadership made false accusations against Dr. Ebrahimi, damaging her professional reputation and relationships with funding agencies.

31.   In May 2024, the University proceeded to use Dr. Ebrahimi's

APSK system design without her authorization, infringing upon her intellectual property rights.

32.   In July 2024, the University sent threatening and defamatory communications to Dr. Ebrahimi's new employer, Northeastern University, in a continued pattern of retaliation and discrimination.

33.   On February 22, 2025, Dr. Ebrahimi's former PhD student, Shah Zaib Aslam, now working under David Arnold, contacted her current PhD student at Northeastern University, obtaining his number from an unknown source, and called him over the phone to convey threatening messages meant to be relayed to her. This act of intimidation is part of the ongoing retaliation against Dr. Ebrahimi.

34.   Dr. Ebrahimi has also discovered that Shah Zaib Aslam, David Arnold, and others have misattributed her work, publishing it without her permission, acknowledgment, or attribution. She has filed plagiarism reports with relevant publishers, detailing unauthorized use of her intellectual property.

35.   The University continues to ignore necessary export control requirements regarding research materials, including failing to obtain the required export license and end-user form for the chips Dr. Ebrahimi was

responsible for. The University has continued to use these restricted materials without authorization, despite Dr. Ebrahimi's repeated objections.

36.    As a direct result of the University's discriminatory and retaliatory actions, Dr. Ebrahimi has suffered severe professional, financial, and personal damages, including:

        a.    Loss of $750,000.00 in research funding;

        b.    Loss of summer salary;

        c.    Damage to her professional reputation;

        d.    Interference with publication efforts;

        e.    Loss of career advancement opportunities; and

        f.    Damage to relationships with funding agencies, particularly DARPA.

37.    The discriminatory and retaliatory actions have also caused Dr. Ebrahimi to suffer serious medical and emotional distress, including:

        a.    Relapse of Graves Disease;

        b.    Sleep disorders; and

        c.    Ongoing need for therapy with Mary Ann Burg and Rob Kanzar

38.    Throughout this period, Dr. Ebrahimi made multiple attempts to

address these issues through proper channels, including reporting to HR and employee relations staff, but the University failed to take appropriate corrective action to address the discrimination and retaliation.

39. The University's discriminatory treatment was particularly evident in its handling of export control matters, where Dr. Ebrahimi faced heightened scrutiny and restrictions based on her Iranian origin that were not applied to faculty members of other nationalities.

40. The University's actions created a hostile work environment that effectively forced Dr. Ebrahimi to seek alternative employment, resulting in her current position at Northeastern University beginning August 30, 2024.

41. Multiple University employees, including David Norton, Chriss Hass, Cassandra C Farley, Robert Cancellieri, and Ronald Anderson, were aware of the discriminatory treatment but failed to take appropriate action to prevent or address it.

42. The pattern of discrimination and retaliation continues to affect Dr. Ebrahimi's professional activities, as the University's actions have created ongoing obstacles to her research work and academic career advancement.

## COUNT I
## VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT
### Race and National Origin Discrimination

43.    Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 42 of this Complaint as though fully set forth herein.

44.    Plaintiff is a 37-year-old female of Iranian/Middle Eastern origin.

45.    At all times material herein, Defendant employed Plaintiff and Defendant was an "employer" within the meaning of Title VII.

46.    Moreover, Defendant is a "person" within the meaning of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e(a). Defendant is a "person" within the meaning of 42 U.S.C. § 2000e(a) in that, the definition "includes one or more individuals, governments, governmental agencies, political subdivisions, labor unions, partnerships, associations, corporations, legal representatives, mutual companies, joint-stock companies, trusts, unincorporated organizations, trustees, trustees in cases under title 11, or receivers." 42 U.S.C. § 2000e(a).

47.    Throughout her employment, Plaintiff was subjected to discrimination based on her race and national origin, including but not

limited to:

a.    Discriminatory treatment regarding access to technology and research materials;

b.    Additional restrictions and barriers in obtaining necessary NDAs and export control clearances;

c.    Heightened scrutiny and restrictions based on her Iranian origin;

d.    Exclusion from technical presentations and project decisions;

e.    Unauthorized reassignment of her DARPA project to a white male colleague; and

f.    Termination of her courtesy appointment.

48.    Defendant knew or should have known of the discrimination suffered by Plaintiff.

49.    Defendant violated Title VII by subjecting Plaintiff to discrimination because of her race and national origin by failing to promptly correct the discriminatory behavior of its employees, supervisors, and agents, and by taking adverse employment actions against Plaintiff.

50.    The conduct of Defendant, by and through its employees,

supervisors, managers, and agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the discrimination against Plaintiff, deprived her of statutory rights under Title VII.

51.    Defendant's actions constitute discrimination in violation of Title VII.

52.    As a direct, proximate and foreseeable result of Defendant's aforementioned actions, inactions, and violations of Title VII, Plaintiff has suffered, continues to suffer, and will suffer the following:

        a.     Lost wages and benefits, past and future;

        b.     Lost earning capacity;

        c.     Loss of approximately $1 million in research funding;

        d.     Loss of summer salary;

        e.     Damage to professional reputation;

        f.     Loss of career advancement opportunities;

        g.     Damage to relationships with funding agencies;

        h.     Physical health complications including relapse of Graves Disease;

        i.     Noneconomic damages, including but not limited to, pain

and suffering, mental anguish, emotional distress, humiliation, loss of dignity, and other nonpecuniary losses and intangible injuries.

The Plaintiff, DR. NAJME EBRAHIMI, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, UNIVERSITY OF FLORIDA BOARD OF TRUSTEES, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A. Grant judgment in favor of Plaintiff and declare that Defendant has violated Title VII of the Civil Rights Act, as amended, by discriminating against Plaintiff based on her race and national;

B. Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered because of the discrimination and retaliation to which Defendant subjected her, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination and retaliation she has endured;

C. Award compensatory damages to Plaintiff in an amount that will fully, justly, and reasonably compensate Plaintiff for the

nature, extent, and duration of the damages caused by Defendant's discriminatory and retaliatory conduct and actions;

D.     Award Plaintiff all other damages available under Title VII, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under these statutes, according to proof;

F.     Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate, as provided by law;

G.     Award Plaintiff her attorneys' fees, reasonable expert witness fees, and the costs of this action; and

H.     Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT II
## VIOLATIONS OF 42 U.S. CODE § 1981
### Race Discrimination

53.     Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 42 of this Complaint as though fully set forth herein.

54.     42 U.S. Code § 1981 makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based

on that person's race.

55.    Plaintiff is a 37-year-old female of Iranian/Middle Eastern origin and a member of a protected class protected by 42 U.S. Code § 1981 from discrimination based on her race.

56.    At all times material herein, Defendant was and is an "employer" within the meaning of 42 U.S. Code § 1981.

57.    The actions and inaction of Defendant, by and through the conduct of its employees, supervisors, managers, and agents, as more particularly described hereinabove, constitute unlawful discrimination based on Plaintiff's race.

58.    As her employer, Defendant was obligated to guard against the discrimination of Plaintiff by her co-workers, supervisors, managers, and other agents of Defendant and to protect Plaintiff from discrimination in the workplace.

59.    Defendant violated 42 U.S. Code § 1981 by subjecting Plaintiff to discrimination because of her race by failing to promptly correct discriminatory behavior once it learned of it.

60.    Plaintiff, by being subjected to this discrimination by Defendant, was unreasonably and negatively affected in the terms, conditions, and

privileges of her employment with Defendant.

61.    The conduct of Defendant, by and through its employees, supervisors, managers, and other agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the discrimination of Plaintiff deprived her of statutory rights under 42 U.S. Code § 1981.

62.    As a direct, proximate and foreseeable result of Defendant's aforementioned actions, inactions, and violations of 42 U.S. Code § 1981, Plaintiff has suffered, continues to suffer, and will suffer the following:

   a.    Lost wages and benefits, past and future;

   b.    Lost earning capacity;

   c.    Loss of approximately $1 million in research funding;

   d.    Loss of summer salary;

   e.    Damage to professional reputation;

   f.    Loss of career advancement opportunities;

   g.    Damage to relationships with funding agencies;

   h.    Physical health complications including relapse of Graves Disease;

   i.    Noneconomic damages, including but not limited to, pain

and suffering, mental anguish, emotional distress, humiliation, loss of dignity, and other nonpecuniary losses and intangible injuries.

The Plaintiff, DR. NAJME EBRAHIMI, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, UNIVERSITY OF FLORIDA BOARD OF TRUSTEES, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A. Grant judgment in favor of Plaintiff and declare that Defendant has violated 42 U.S. Code § 1981, by discriminating against Plaintiff based on her race and national;

B. Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered because of the discrimination and retaliation to which Defendant subjected her, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination and retaliation she has endured;

C. Award compensatory damages to Plaintiff in an amount that will fully, justly, and reasonably compensate Plaintiff for the

nature, extent, and duration of the damages caused by Defendant's discriminatory and retaliatory conduct and actions;

D.   Award Plaintiff all other damages available under 42 U.S. Code § 1981, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under these statutes, according to proof;

F.   Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate, as provided by law;

G.   Award Plaintiff her attorneys' fees, reasonable expert witness fees, and the costs of this action; and

H.   Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT III
## VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT
### Gender Discrimination

63.   Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 42 of this Complaint as though fully set forth herein.

64.   Plaintiff is female and a member of a protected class under Title VII.

65.    Throughout her employment, Plaintiff was subjected to discrimination based on her gender, including but not limited to:

a.    Being labeled as "emotional" while male colleagues were praised as "rational";

b.    Exclusion from technical presentations in favor of male colleagues;

c.    Reassignment of her project to a male colleague without her consent;

d.    Exclusion from project decisions and meetings; and

e.    Different treatment regarding access to resources and opportunities.

66.    Defendant knew or should have known of the gender discrimination suffered by Plaintiff.

67.    Defendant violated Title VII by subjecting Plaintiff to discrimination because of her gender by failing to promptly correct the discriminatory behavior and by taking adverse employment actions against her.

68.    The conduct of Defendant, by and through its employees, supervisors, managers, and agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the discrimination against Plaintiff, deprived her of statutory rights under Title VII.

69.    As a direct, proximate and foreseeable result of Defendant's aforementioned actions, inactions, and violations of Title VII, Plaintiff has suffered, continues to suffer, and will suffer the following:

a.    Lost wages and benefits, past and future;

b.    Lost earning capacity;

c.    Loss of approximately $1 million in research funding;

d.    Loss of summer salary;

e.    Damage to professional reputation;

f.    Loss of career advancement opportunities;

g.    Damage to relationships with funding agencies;

h.    Physical health complications including relapse of Graves Disease;

i.    Noneconomic damages, including but not limited to, pain and suffering, mental anguish, emotional distress,

humiliation, loss of dignity, and other nonpecuniary losses and intangible injuries.

WHEREFORE, the Plaintiff, DR. NAJME EBRAHIMI, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, UNIVERSITY OF FLORIDA BOARD OF TRUSTEES, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.    Grant judgment in favor of Plaintiff and declare that Defendant has violated Title VII of the Civil Rights Act, as amended, by discriminating against Plaintiff based on her race and national;

B.    Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered because of the discrimination and retaliation to which Defendant subjected her, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination and retaliation she has endured;

C.    Award compensatory damages to Plaintiff in an amount that will fully, justly, and reasonably compensate Plaintiff for the

nature, extent, and duration of the damages caused by
Defendant's discriminatory and retaliatory conduct and actions;

D.    Award Plaintiff all other damages available under Title VII,
including, but not limited to, the damages set forth above and
other economic losses proximately caused and allowable under
these statutes, according to proof;

F.    Award Plaintiff pre- and post-judgment interest calculated at the
prevailing rate, as provided by law;

G.    Award Plaintiff her attorneys' fees, reasonable expert witness
fees, and the costs of this action; and

H.    Grant such other and further relief as this Court may deem
equitable, just, and proper.

## COUNT IV
## VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT
### Retaliation

70.    Plaintiff alleges, realleges, and incorporates by reference all
allegations set forth in each of the preceding Paragraphs 1 through 42 of this
Complaint as though fully set forth herein.

71.    Plaintiff engaged in protected activity by complaining about
discrimination to HR and employee relations staff.

72.    Following Plaintiff's protected activity, Defendant engaged in
retaliatory actions including:

> a. Termination of her courtesy appointment on February 12,
> 2024;
>
> b.    Cancellation of her $250,000 DARPA Director's
> Fellowship;
>
> c.    Removal from PhD student committees;
>
> d.    Denial of access to research materials and design files;
>
> e.    Making false accusations about unauthorized chip
> collection;
>
> f.    Sending threatening communications to her current
> employer;
>
> g.    Unauthorized use of her intellectual property; and
>
> h.    Cancellation of previously approved funding transfers.

73.    These adverse actions were causally connected to Plaintiff's
protected activity.

74.    Defendant's actions constitute unlawful retaliation in violation
of Title VII and the FCRA.

75.    As a direct, proximate and foreseeable result of Defendant's

aforementioned actions, inactions, and violations of Title VII, Plaintiff has suffered, continues to suffer, and will suffer the following:

a.    Lost wages and benefits, past and future;

b.    Lost earning capacity;

c.    Loss of approximately $1 million in research funding;

d.    Loss of summer salary;

e.    Damage to professional reputation;

f.    Loss of career advancement opportunities;

g.    Damage to relationships with funding agencies;

h.    Physical health complications including relapse of Graves Disease;

i.    Noneconomic damages, including but not limited to, pain and suffering, mental anguish, emotional distress, humiliation, loss of dignity, and other nonpecuniary losses and intangible injuries.

WHEREFORE, the Plaintiff, DR. NAJME EBRAHIMI, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, UNIVERSITY OF FLORIDA BOARD OF TRUSTEES, and in favor of Plaintiff, and respectfully requests that this Court grant the

following relief:

A.    Grant judgment in favor of Plaintiff and declare that Defendant has violated Title VII of the Civil Rights Act, as amended, by discriminating against Plaintiff based on her race and national;

B.    Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered because of the discrimination and retaliation to which Defendant subjected her, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination and retaliation she has endured;

C.    Award compensatory damages to Plaintiff in an amount that will fully, justly, and reasonably compensate Plaintiff for the nature, extent, and duration of the damages caused by Defendant's discriminatory and retaliatory conduct and actions;

D.    Award Plaintiff all other damages available under Title VII, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under these statutes, according to proof;

F.    Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate, as provided by law;

G.    Award Plaintiff her attorneys' fees, reasonable expert witness fees, and the costs of this action; and

H.    Grant such other and further relief as this Court may deem equitable, just, and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury.

Date this 13th day of March 2025.

*/s/ Jason W. Imler, Esq*

Jason W. Imler
Florida Bar No. 1004422
Alberto "Tito" Gonzalez
Florida Bar No. 1037033
**Imler Law**
23110 State Road 54, Unit 407
Lutz, Florida 33549
(P): 813-553-7709
Jason@ImlerLaw.com
Tito@ImlerLaw.com
Ashley@ImlerLaw.com
Tiffany@ImlerLaw.com

IN THE CIRCUIT COURT OF THE EIGHTH JUDICIAL CIRCUIT
IN AND FOR ALACHUA COUNTY, FLORIDA
CIVIL DIVISION

DR. NAJME EBRAHIMI,

      Plaintiff,

v.                            **CASE NO:**      **2025-CA-000523**

UNIVERSITY OF FLORIDA,
a public university of the State of Florida,

      Defendant.

_____/

## MOTION FOR ORDER TO APPOINT PROCESS SERVER

    Plaintiff, pursuant to Rule 1.070 Florida Rules of Civil Procedure, has made application herein, and moves this Honorable Court to constitute and appoint Scott Hart on behalf of Barrett Process Service, to serve process in the above styled cause. Plaintiff would respectfully show that the said process server is over the age of eighteen (18) years and is competent and a disinterested party in this action.

                                      Respectfully submitted by:

                                      */s/ Jason W. Imler, Esq*
                                      Jason W. Imler
                                      Florida Bar No. 1004422
                                      Alberto "Tito" Gonzalez
                                      Florida Bar No. 1037033
                                      **Imler Law**
                                      23110 State Road 54, Unit 407
                                      Lutz, Florida 33549
                                      (P): 813-553-7709
                                      Jason@ImlerLaw.com
                                      Tito@ImlerLaw.com
                                      Ashley@ImlerLaw.com
                                      Tiffany@ImlerLaw.com

1

Filing # 220179319 E-Filed 04/02/2025 04:10:42 PM

**IN THE CIRCUIT COURT OF THE EIGHTH JUDICIAL CIRCUIT
IN AND FOR ALACHUA COUNTY, FLORIDA
CIVIL DIVISION**

**DR. NAJME EBRAHIMI,**

        **Plaintiff,**

**v.**                                                **CASE NO: 2025-CA-000523**

**UNIVERSITY OF FLORIDA,
a public university of the State of Florida,**

        **Defendant.**

_____/

**ORDER TO APPOINT PROCESS SERVER**

        THIS CAUSE, coming to be heard ex parte upon application of Plaintiff, and the Court

being otherwise fully advised on the premises, it is thereupon:

        ORDERED AND ADJUDGED that Scott Hart on behalf of Barrett Process Service, is

hereby constituted and appointed as process server in the above-styled cause for the purpose of

serving all pleadings. It is further ordered that the process server shall make proof of service by

affidavit promptly and in any event within the time during which the person must respond to the

process.

        **DONE AND ORDERED** on Wednesday, April 2, 2025.

01-2025-CA-000523 04/02/2025 04:10:22 PM

Gloria R. Walker, Circuit Judge
01-2025-CA-000523 04/02/2025 04:10:22 PM

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that copies have been furnished by U.S. Mail or via filing with the Florida Courts E-Filing Portal on Wednesday, April 2, 2025.
JASON W IMLER, ESQ
jason@imlerlaw.com
Tito@ImlerLaw.com
Tiffany@ImlerLaw.com

01-2025-CA-000523 04/02/2025 04:10:29 PM

Tyrell Daniel, Civil Court Program Coordinator
01-2025-CA-000523 04/02/2025 04:10:29 PM

IN THE CIRCUIT COURT OF THE EIGHTH JUDICIAL CIRCUIT
IN AND FOR ALACHUA COUNTY, FLORIDA
CIVIL DIVISION

DR. NAJME EBRAHIMI,

      Plaintiff,

v.                             CASE NO:       2025-CA-000523

UNIVERSITY OF FLORIDA,
a public university of the State of Florida,

      Defendant.

_____/

### PLAINTIFF'S NOTICE OF FILING PROOF OF SERVICE ON DEFENDANT

    The Plaintiff, DR. NAJME EBRAHIMI, hereby files the attached Proof of Service against Defendants, UNIVERSITY OF FLORIDA.

                        Respectfully Submitted by:

                        */s/ Jason W. Imler, Esq*
                        Jason W. Imler
                        Florida Bar No. 1004422
                        Alberto "Tito" Gonzalez
                        Florida Bar No. 1037033
                        Imler Law
                        23110 State Road 54, Unit 407
                        Lutz, Florida 33549
                        (P): 813-553-7709
                        Jason@ImlerLaw.com
                        Tito@ImlerLaw.com
                        Ashley@ImlerLaw.com
                        Tiffany@ImlerLaw.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on April 7, 2025, I electronically filed the foregoing with the

Clerk of court using CM/ECF system.

*/s/ Jason W. Imler, Esq*
Jason W. Imler
Florida Bar No. 1004422
Alberto "Tito" Gonzalez
Florida Bar No. 1037033
Imler Law
23110 State Road 54, Unit 407
Lutz, Florida 33549
(P): 813-553-7709
Jason@ImlerLaw.com
Tito@ImlerLaw.com
Ashley@ImlerLaw.com
Tiffany@ImlerLaw.com

# RETURN OF SERVICE

| State of Florida | County of Alachua | Circuit Court |
|---|---|---|

Case Number: 2025CA000523

Plaintiff:
**Dr. Najme Ebrahimi**

vs.

Defendant:
**University of Florida, a public university of the State of Florida**

For:
Jason W. Imler, Esq.
Imler Law
23110 State Road 54
Unit 407
Lutz, FL 33549

Received by Scott Hart on the 4th day of April, 2025 at 1:43 pm to be served on **University of Florida, a public university of the State of Florida, 123 Tigert Hall, Gainesville, FL 32611-3125**.

I, Scott Hart, do hereby affirm that on the **7th day of April, 2025** at **3:50 pm, I:**

served an **AUTHORIZED** entity by delivering a true copy of the **Summons, Complaint, Order Appointing Process Server** with the date and hour of service endorsed thereon by me, to: **Amy Quillen** as **Counsel** at the address of: **123 Tigert Hall, Gainesville, FL 32611-3125**, who stated they are authorized to accept service for **University of Florida, a public university of the State of Florida**, and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 59, Sex: F, Race/Skin Color: White, Height: 5'5", Weight: 120, Hair: Dark Blonde, Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served, and have proper authority in the jurisdiction in which the service was made. Under penalties of perjury, i declare that I read the foregoing document and the facts stated in it are true and correct. Notary not required pursuant to Florida Statute 92.525 verification of documents.

**Scott Hart**
2021-005

**Barrett Process Service**
**23024 SW 104th Pl**
**Cutler Bay, FL 33190**
**(305) 878-5310**

Our Job Serial Number: HTP-2025001116

Copyright © 1992-2025 DreamBuilt Software, LLC. - Process Server's Toolbox V